FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

16 NOV 14 AM 11: 16

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| KENNETH BURDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) |
| CORRECTIONAL OFFICER KELLY, | ) |
| SUPERINTENDENT STAN KNIGHT, | ) 1:16-cv-3105 TWP-DML |
| PLAINFIELD CORRECTIONAL | ) |
| FACILITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, Kenneth Burden, by counsel, Gilchrist & Borinstein, LLP, by Rochelle E. Borinstein, and for his Complaint against the Defendants, alleges and states as follows:

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against Correctional officer Kelly, Superintendent Stan Knight and the Plainfield Correctional Facility ("PCF") who were deliberately indifferent to the serious needs of the Plaintiff while he was an inmate at the PCF, Indiana Department of Correction.

### JURISDICTION

2. The Plaintiff hereby incorporates paragraph 1 of Plaintiff's Complaint as if set forth fully herein.

3. This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth

Amendment of the Constitution of the United States.

4. This Court has subject matter jurisdiction under 28 U.S.C.§§ 1331, 1343(a)(3),(4) and 1391.

## PARTIES

5. The Plaintiff hereby incorporates paragraphs 1 through 4 of Plaintiff's Complaint as if set forth fully herein.

6. The Plaintiff was, at all times mentioned herein, a prisoner of the State of Indiana in the custody of the Indiana Department of Correction, PCF, and at all times relevant to this action was a citizen of the United States. Plaintiff is currently confined in Putnamville Correctional Facility, in New Castle, Indiana.

7. At all times relevant to this action, all Defendants were located in Plainfield, Indiana.

8. Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this Complaint, each Defendant acted under the color of state law.

## FACTUAL ALLEGATIONS

9. The Plaintiff hereby incorporates paragraphs 1 through 8 of Plaintiff's Complaint as if set forth fully herein.

10. On November 12, 2014, Kenneth Burden was incarcerated at the PCF. He was housed in the North Dorm in "D" Dorm. Burden's bunk was located in the furthest corner from the entrance of "D" Dorm making it difficult to observe during routine daily counts.

11. Just prior to a late afternoon count, Kenny was threatened with imminent attack, by his former bunk-mate, Joseph Stewart. Upon learning of the threat, Kenny stepped out of "D" Dorm and called out to C.O. Kelly asking for her assistance.

12. C.O. Kelly yelled for Burden to return to "D" Dorm as count was about to begin. Burden returned to "D" Dorm and expressed his concerns to another inmate who suggested he should try again to get C.O. Kelly's assistance.

13. Burden again stepped out of "D" Dorm, again summoned C.O. Kelly and was again ignored by C.O. Kelly and told to return to "D" Dorm. Burden did as ordered.

14. When Burden returned to his bunk, he was surrounded by four (4) inmates, including Joseph Stewart and Richard Parker. Burden was suddenly and viciously attacked, resulting in a bilateral fracture of his mandible and several teeth.

15. The Plaintiff's injuries were sustained as a result of C.O. Kelly's deliberate indifference to Kenny's concerns of an imminent threat to his health and safety and as a result of the warden and prison's policy of failure to listen to the urgent pleas of inmates at or near the time of inmate "counts."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. The Plaintiff hereby incorporates paragraphs 1 through 15 of Plaintiff's Complaint as if set forth fully herein.

17. The Plaintiff has attempted to exhaust his administrative remedies. The statute of limitations applicable to the filing of this Complaint has precluded the completion of this process prior to filing the Complaint.

## COUNT I VIOLATION OF THE EIGHTH AMENDMENT

18. The Plaintiff hereby incorporates paragraphs 1 through 17 of Plaintiff's Complaint as if set forth fully herein.

19. The actions and omissions described above, engaged in under the color of state authority by the Defendants, deprived the Plaintiff of rights secured to him by the Constitution of

the United States, including, but not limited to the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

## CONCLUSION

20. The Plaintiff hereby incorporates paragraphs 1 through 19 of Plaintiff's Complaint as if set forth fully herein.

21. Each of the Defendants acted with deliberate indifference, although under the color of statue, ordinance, regulation, custom or usage of the State of Indiana, and violated the rights secured to the Plaintiff by the provisions of the Eighth Amendment of the Constitution of the United States of America and by 42 U.S.C. §§1983

22. The Plaintiff in no way instigated, caused or contributed to the complained of conduct.

23. The Defendants' failure to acknowledge the Plaintiff's pleas for assistance in a situation in which he was in imminent danger of harm and of employing a policy in which the Plaintiff's pleas could be ignored during a routine administrative function constituted deliberate indifference to the Plaintiff's imminent danger.

24. Solely as a result of these acts and omissions, the Plaintiff was made to suffer cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

25. Solely as a result of the Defendants' conduct, the Plaintiff has suffered damage and injury.

**WHEREFORE, the** Plaintiff, Kenneth Burden, by counsel, Gilchrist & Borinstein, LLP, by Rochelle E. Borinstein, demands judgment against the Defendants:

(A) For compensatory damages as determined by the trier of fact to adequately

compensate the Plaintiff for the injuries described in this Complaint;

(B)   For the Plaintiff's costs and disbursements of this action;

(C)   For the Plaintiff's attorney fees incurred in prosecuting this action pursuant to 42 U.S.C. §§ 1988; and 1983..

(B)   For all other relief just and proper in the premises.

Respectfully submitted,

By: *Rochelle Borinstein*
Rochelle E. Borinsein (24098-49)
rborinstein@gilchristandborinstein.com

**GILCHRIST & BORINSTEIN, LLP**
2002 East 62nd Street
Indianapolis, Indiana 46220
(317) 802-7461